## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF TEXAS

### LUFKIN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **VS.** | § | **NO. 9:07-CR-11** |
| | § | |
| **JUAN INIGUEZ** | § | |

### REPORT AND RECOMMENDATION RE: PETITION FOR WARRANT OR SUMMONS FOR OFFENDER UNDER SUPERVISION

Pending is a "Petition for Warrant or Summons for Offender Under Supervision," filed September 19, 2007, alleging that defendant violated conditions of supervised release.  This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law.  See United States v. Rodriguez, 423 F.3d 919, n. 1 (5th Cir. 1994); see also 18 U.S.C. § 3401(i) (2000); and Local Rules for the Assignment of Duties to United States magistrate judges.

### I.  The Original Conviction and Sentence

Defendant was sentenced on June 16, 2004, before The Honorable Janis Graham Jack of the Southern  District of Texas after pleading guilty to the offense of Transportation of an Unlawful Alien Within the United States, a Class D felony.  This offense carried a statutory maximum imprisonment term of 5 years.  The

guideline imprisonment range, based on a total offense level of 10 and a criminal history category of III, was 10 to 16 months.  Defendant was subsequently sentenced to 16 months imprisonment and 3 years supervised release subject to the standard conditions of release, plus special conditions to include: drug aftercare; and a $100 special assessment.

## II.  The Period of Supervision

On April 7, 2005, defendant completed his period of imprisonment and began service of the supervision term.  On or about March 13, 2007, this case was reassigned to the Honorable Ron Clark, U.S. District Judge.  On May 18, 2007, Judge Clark modified the defendant's conditions of supervised release to include a condition that ordered the defendant to reside in and participate in the community corrections component of a community corrections center or community sanction center, as instructed, for a period of 180 days from admission.

## III.  The Petition

United States Probation filed the pending Petition for Warrant or Summons for Offender Under Supervision on September 19, 2007.  The petition alleges that defendant violated the following conditions of release:

Special Condition:                    Defendant shall reside in and participate in the
                                      community corrections component of a
                                      Community Corrections Center (CCC) or
                                      Community Sanction Center (CSC), as
                                      instructed, for a period of 180 days from

admission.  The defendant shall abide by all the rules and regulations fo the center and will be required to pay subsistence to the Community Corrections Center or Community Sanction Center, participate in substance abuse counseling, mental health counseling, and random drug testing.

As grounds, the petition alleges that on June 1, 2007, defendant began to serve the 180-day placement at Leidel CSC in Houston, Texas.  On August 26, 2007, defendant was found in possession of two unopened bottles of MD 20/20 Sour Apple Alcohol by the Community Sanction Center staff.  On August 27, 2007, he was unsuccessfully discharged from the CSC for violating the facility rules and regulations (i.e., possession of intoxicants).

## IV.  Proceedings

On September 26, 2007, the undersigned United States Magistrate Judge convened a hearing pursuant to Rule 32.1, Federal Rules of Criminal Procedure, to hear evidence and argument on whether defendant violated conditions of supervised release.  If so, the hearing would also consider the appropriate course of action.

At the revocation hearing, counsel for the government and the defendant announced an agreement as to a recommended disposition.  Defendant would agree to plead "true" to the allegation that he violated a special condition of supervised release by failing to successfully complete a 180-day placement in a Community Sanction Center.  In exchange for defendant's plea of "true," the court should revoke

defendant's supervised release and impose six (6) months plus ninety-three (93) days imprisonment.

At the revocation hearing, defendant pleaded "true" to the allegation that he violated a special condition of supervised release by failing to successfully complete a 180-day placement in a Community Sanction Center.

## V.  Principles of Analysis

Upon finding by a preponderance of the evidence that a defendant has violated conditions of supervised release, pursuant to 18 U.S.C. § 3583(e)(3) the court may revoke the term of supervised release and require defendant to serve in prison all or part of the term of supervised release without credit for time served on post-release supervision.  The original offense of conviction was a Class D felony; therefore, the maximum term of imprisonment authorized under 18 U.S.C. § 3583(e)(3) is two years.

According to U.S.S.G. § 7B1.1(a), if the court finds by a preponderance of the evidence that defendant violated a special condition of supervised release by failing to successfully complete a 180-day placement in a Community Sanction Center, defendant will be guilty of committing a Grade C violation.  U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.   U.S.S.G. § 7B1.4(a) provides that in defen-

dant's case a revocation of supervised release based on a Grade C violation and a criminal history category of III, the guideline imprisonment range is 5 to 11 months.

According to U.S.S.G. § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under  § 7B1.4 (Term of Imprisonment), and any such unserved period of community confinement, home detention, or intermittent confinement may be converted to an equivalent period of imprisonment.

18 U.S.C. §§ 3583(e) and 3553(a) provide that in determining sentence, the court shall consider:

1.  The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2.  The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3.  Applicable guidelines and policy statement issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the  defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4.  Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5.      The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; <u>see</u> 18 U.S.C. § 3553(A)(6).

## VI. Application

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a).

## <u>Findings:</u>

Defendant pleaded "true" to the allegation that he violated a special condition of supervised release by failing to successfully complete a 180-day placement in a Community Sanction Center.  Based upon defendant's plea of "true" to the allegations and U.S.S.G. § 7B1.1(a), defendant violated conditions of supervised release in the manner alleged in the petition.  Defendant's violations are Grade C violations with policy guidelines suggesting 5 to 11 months imprisonment upon revocation.

## <u>Conclusion:</u>

Defendant has demonstrated inability to adhere to conditions of supervision. Defendant did not comply with conditions of his supervision by failing to successfully complete a 180-day placement in a Community Sanction Center.  As such, incarceration appropriately addresses defendant's violation.

## RECOMMENDATIONS

1.  The court should find that defendant violated a  special condition
    of supervised release, by failing to successfully complete a 180-day
    placement in a Community Sanction Center, in the manner alleged
    in the petition.

2.  The petition should be granted and defendant's supervised release
    revoked pursuant to 18 U.S.C. § 3565.

3.  Defendant should be sentenced to a term of imprisonment of
    six (6) months plus ninety-three (93) days unserved community
    confinement.

## OBJECTIONS

At the close of the revocation hearing, defendant, defense counsel, and counsel
for the government each signed a standard form waiving their right to object to the
proposed findings and recommendations contained in this report, consenting to
revocation of supervised release as recommended herein.  Therefore, the court may
act on the report and recommendation immediately.

SIGNED this 1 day of October, 2007.

_____
Earl S. Hines
United States Magistrate Judge